UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WESLEY OWENS                                                                                         PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:23-CV-173-KHJ-MTP

SHELTER MUTUAL INSURANCE COMPANY, et al.                        DEFENDANTS

ORDER

Before the Court are three motions in limine. The Court grants in part and denies in part Defendant Shelter Mutual Insurance Company's [38] Motion in Limine; grants Shelter's [49] Supplemental Motion in Limine; and grants Plaintiff Wesley Owens' [40] Motion in Limine.

I.    Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). A "motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict." *Jackson-Hall v. Moss Point Sch. Dist.*, No. 3:11-CV-42, 2012 WL 1098524, at *6 (S.D. Miss. Apr. 2, 2012) (quotation omitted); *see also, e.g.*, *Williams v. Delta Bus Lines, Inc.*,

No. 4:22-CV-87, 2024 WL 586828, at *10 (N.D. Miss. Feb. 13, 2024) (collecting cases) ("A motion in limine should not be used to argue certain damages may not be recovered because that is the function of a motion for summary judgment, with its accompanying procedural safeguards.").

"An order granting a motion in limine does not preclude the losing party from revisiting the issue at trial, outside the jury's presence." *United States v. Bryan*, No. 3:21-CR-17, 2023 WL 8100552, at *1 (S.D. Miss. Nov. 21, 2023).

II.   Analysis

The Court starts with Shelter's motion, then turns to Shelter's supplemental motion, and finally turns to Owens' motion.

   A.  Shelter's [38] Motion in Limine

Shelter's motion seeks to preclude Owens from introducing eight categories of "evidence, claims, and/or arguments." [38] at 1. The Court addresses each category in turn.

Evidence Not Disclosed or Produced in Discovery

Shelter first seeks to "exclude any documents or other evidence that were not disclosed by Plaintiff during the course of discovery." *Id.* at 2–3. Owens agrees that this evidence "should not be allowed." Owens' Resp. [46] at 1.[1] So the Court grants this aspect of Shelter's motion as unopposed.

---

[1] Owens "reserve[s] the right to use rebuttal documents and evidence." [46] at 2. If necessary, Owens may address that issue outside the jury's presence.

### Claims for Lost Wages

Shelter next seeks to prohibit Owens from "requesting lost wages at trial." [38] at 3. Owens responds that he "does not have a claim for lost wage and is not pursuing the same." [46] at 2. The Court grants this aspect of Shelter's motion as unopposed.

### Claims for Emotional Distress and/or Mental Anguish

Shelter also seeks to prohibit Owens from "seeking emotional distress and/or mental anguish damages at trial." [38] at 3–4. Owens' only response is that "extra-contractual damages are sought by Plaintiff which includes an award for emotional distress." [46] at 2. But the Court has dismissed Owens' delay-of-payment claim for extracontractual damages. Order [47]; *see also United Servs. Auto. Ass'n v. Lisanby*, 47 So. 3d 1172, 1178 (Miss. 2010) ("Extracontractual damages, such as awards for emotional distress . . . , are not warranted where the insurer can demonstrate 'an arguable, good-faith basis.'"). The Court thus grants this aspect of Shelter's motion.

### Claims for Future Medical Expenses

Next, Shelter asks the Court to preclude Owens from "seeking future medical expenses at trial." [38] at 4–5. It argues that Owens' "claim for future medical expenses is based upon unreliable speculation." *Id.* at 5. But "a motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict." *Jackson-Hall*, 2012 WL 1098524, at *6 (quotation omitted). Shelter "did not seek a partial summary judgment as to these damages,

3

and attempting to do so now in a motion in limine is improper." *Johnson v. Aarons, Inc.*, No. 2:17-CV-137, 2019 WL 5847886, at *2 (S.D. Miss. July 3, 2019). The Court denies this aspect of Shelter's motion.

Shelter may make contemporaneous objections to Owens' expert's testimony, and it may seek judgment as a matter of law after Owens' case-in-chief. To ensure both parties are on the same page, the Court notes that Owens represents that Dr. Bell's report "recommended a course of physical therapy with 8 to 12 visits over a period of four weeks." [46] at 2. In fact, Dr. Bell's report stated:

> *If Mr. Owens has a reoccurrence of pain significant to require treatment without evidence of further trauma*, I would recommend a course of physical therapy with 8 to 12 visits over a period of four weeks.

[38-2] at 5 (emphasis added).

Exclusion of Settlement Offers or Discussions

Shelter asks the Court to preclude Owens from "introducing evidence of settlement offers or discussions at trial" under Rule 408. [38] at 5. Owens agrees that he "should not be allowed to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." [46] at 2–3; *see also* Fed. R. Evid. 408(a). But he argues that he should be able to introduce the evidence for "another purpose": "to prove a witness' bias or prejudice." [46] at 3; *see also* Fed. R. Evid. 408(b).

Owens does not explain why evidence of settlement negotiations or offers would prove any witness' bias. *See Wilson v. Equip. Options Direct, LLC*, No. 3:21-CV-23, 2022 WL 2346961, at *3 (S.D. Miss. June 29, 2022). And the Court is

4

unaware of any such basis to introduce Rule 408(b) "bias or prejudice" evidence in this case.[2] The Court grants this aspect of Shelter's motion.

### Profits Over People Arguments

Shelter also seeks to exclude "any statements or implications that Shelter places profits over people." [38] at 5–6. Owens agrees that those arguments "should not be allowed." [46] at 3. So the Court grants this aspect of Shelter's motion as unopposed.

### Size and Financial Condition of Shelter

Shelter next asks the Court to preclude Owens from "presenting evidence or arguments as to Shelter's size, financial condition, or ability to pay a verdict." [38] at 6. The Court agrees that Shelter's size and financial condition are not relevant to any issue at trial. *See* Fed. R. Evid. 401. And any marginal probative value would be substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403; *see also, e.g., Rogers v. Medline Indus., Inc.*, No. 1:17-CV-118, 2019 WL 402361, at *4 (S.D. Miss. Jan. 31, 2019); *Hensley v. Bulk Transp.*, No. 2:13-CV-3, 2014 WL 2515201, at *7 (S.D. Miss. June 4, 2014); *Graham v. All Am. Cargo Elevator*, No. 1:12-CV-58, 2013 WL 5604373, at *2 (S.D. Miss. Oct. 11, 2013); *Riley v. Ford Motor Co.*, No. 2:09-CV-148, 2011 WL 3273592, at *1 (S.D. Miss. July 29, 2011).

Owens' only response is that Shelter's size and financial condition "relate[] to Plaintiff's bad faith, punitive damages, [and] extracontractual claims." [46] at 3. But

---

[2] For example, there is no indication that Shelter settled with a third party whom it plans to offer as a witness. *See, e.g., John McShain, Inc. v. Cessna Aircraft Co.*, 563 F.2d 632, 634–35 (3d Cir. 1977) (per curiam).

the Court has dismissed those claims. *See* [47]. So the Court grants this aspect of Shelter's motion.

## Relative Wealth of the Parties

Finally, Shelter seeks to preclude Owens from "offering any testimony, evidence, inference[s,] or arguments regarding the relative wealth of the parties." [38] at 6. The Court agrees that the relative wealth of the parties is not relevant to any issue at trial. *See* Fed. R. Evid. 401. And any marginal probative value would be substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403; *see also, e.g.*, *Affordable Care, LLC v. JNM Off. Prop., LLC*, No. 1:19-CV-827, 2022 WL 291716, at *2–3 (S.D. Miss. Jan. 31, 2022); *Sun State Oil, Inc. v. Pahwa*, No. 3:18-CV-619, 2021 WL 2877907, at *2 (S.D. Miss. July 8, 2021); *Riley*, 2011 WL 3273592, at *1.

Here again, Owens' only response is that relative wealth "relates to Plaintiff's bad faith claim, punitive damages, and extracontractual claims." [46] at 3. But the Court has dismissed those claims. *See* [47]. So the Court grants this aspect of Shelter's motion.

B. Shelter's [49] Supplemental Motion in Limine

Shelter's supplemental motion seeks to (1) "exclude all evidence of Shelter's payments to Plaintiff" and (2) "preclude all arguments and statements that imply misconduct by Shelter, pander to the jury's sympathies, or seek to personalize the case for jurors." [49] at 2. The Court addresses each request in turn.

The Court excludes all evidence of Shelter's payments to Owens under Rule 403. Shelter correctly argues that any probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, and unfairly prejudicing Shelter. Shelter's Suppl. Mem. [50] at 1–2. Owens offers no response to that argument. *See* [51].[3] The Court thus grants this aspect of Shelter's supplemental motion.[4]

As to Shelter's second request, Owens agrees that "[a]rguments implying misconduct by Shelter, pandering to the jury's sympathies, or personalizing the case for jurors should be precluded." [51] at 2.[5] The Court grants this aspect of Shelter's supplemental motion as unopposed. The Court therefore precludes Owens from "making 'reptile theory' arguments; describing the jury as the 'voice of the community;' asking the jury to 'bring justice' or 'send a message,' 'preaching to the

---

[3] Evidence of the payments would also be inadmissible under Rule 408. *See* Fed. R. Evid. 408 advisory committee's note ("While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto."). Owens again argues that he "should be allowed to use such evidence to prove a witness' bias or prejudice." Owens' Suppl. Resp. [51] at 2. But again, he does not explain why evidence of the payments would prove any witness' bias or prejudice, and the Court is unaware of any such basis to introduce Rule 408(b) "bias or prejudice" evidence in this case. *See supra* pp. 4–5. The Court would thus exclude evidence of the payments under Rule 408, too.

[4] The parties agree that "Shelter is entitled to credit for the $30,000.00 already tendered." [51] at 2. As Shelter explains: "If the jury awards Plaintiff more than $30,000, Shelter is entitled to a credit and, unless it chooses to appeal, will be obligated to pay Plaintiff the difference between the $30,000 credit and the amount of the award up to the remaining policy limit. If the jury awards Plaintiff less than $30,000, Shelter will owe Plaintiff nothing." [50] at 2–3.

[5] Owens "reserve[s] the right to use rebuttal documents and evidence." [51] at 2. If necessary, Owens may address that issue outside the jury's presence.

jury,' 'thanking the jury,' asking the jury 'how would you feel,' to 'put themselves in plaintiff's shoes,' or to apply the 'Golden Rule.'" *See* [50] at 3 (collecting cases).

C.  Owens' [40] Motion in Limine

Owens' motion seeks to preclude Shelter from introducing (1) expert testimony, (2) undisclosed lay-witness testimony, and (3) undisclosed documents and other evidence. [40] at 2–4. Shelter agrees with each exclusion. *See* Shelter's Resp. [44] at 1–2.[6] So the Court grants Owens' motion as unopposed.

III.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS IN PART and DENIES IN PART Defendant Shelter Mutual Insurance Company's [38] Motion in Limine; GRANTS Shelter's [49] Supplemental Motion in Limine; and GRANTS Plaintiff Wesley Owens' [40] Motion in Limine.

**The parties are to inform all their witnesses of the Court's in limine rulings as to not violate the Court's order.**

SO ORDERED, this 24th day of May, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[6] Shelter "reserves the right to call upon rebuttal witnesses." [44] at 1–2. If necessary, Shelter may address that issue outside the jury's presence.